UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOANNE MATTESON and KENNETH M. MATTESON, | : | CA 05 218 S |
| Plaintiffs, | : | |
| v. | : | C. A. No. |
| GU MARKETS LLC, a/k/a GU MARKETS OF PAWTUCKET LLC, d/b/a RO-JACKS, and JUAN RODRIGUES, | : | |
| Defendants. | : | |

**DEFENDANTS' ANSWER**

**COUNT I**

Now come Defendants, GU Markets, LLC, a/k/a GU Markets of Pawtucket LLC, d/b/a Ro-Jacks (hereinafter "Ro-Jacks"), and Juan Rodrigues, and for their Answer to the Complaint hereby state as follows:

1. Defendants admit that Joanne Matteson is a plaintiff and that she is female. Defendants admit that Plaintiff Joanne Matteson has brought an action against them, but deny all remaining allegations set forth in Paragraph 1 of the Complaint.

2. Defendants admit that on or about July 18, 2004, Plaintiff Joanne Matteson submitted a Charge of Discrimination on the basis of sex to the Rhode Island Commission for Human Rights. To the extent that Paragraph 2 of the Complaint avers that the allegations of sex discrimination contained in the Charge of Discrimination were and/or are true, denied.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint.

(3)

4. Defendants admit on or about February 7, 2005, the Rhode Island Commission for Human Rights issued a Notice of Right to Sue to Plaintiff Joanne Matteson. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 4 of the Complaint.

5. Defendants admit that Plaintiff Joanne Matteson is an adult female and that until October 2004, Defendant Ro-Jacks was an employer within the jurisdictional coverage of the Title VII of the Civil Rights Act and the Rhode Island Fair Employment Practices Act. The remaining allegations set forth in Paragraph 5 of the Complaint are denied.

6. Defendants admit that Defendant Ro-Jacks was an employer within the State of Rhode Island at all relevant times. The remaining allegations set forth in Paragraph 6 of the Complaint represent conclusions of law as to which no responsive pleading is necessary or required.

7. Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint.

9. Defendants deny the allegations set forth in Paragraph 9 of the Complaint.

10. Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

11. Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

12. Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

13. Defendants admit that Defendant Ro-Jacks warned Defendant Rodrigues to cease certain activities rather than terminate his employment as the result of any alleged contact with Plaintiff Joanne Matteson. The remaining allegations set forth in Paragraph 13 of the Complaint are denied.

14. Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15. Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

16. The monetary amount claimed in the Complaint is unspecified, so Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

**COUNT II**

1. Defendants' responses to Paragraphs 1 through 15 of Count I of the Complaint are incorporated herein by reference as if fully set forth herein.

2. Defendants deny the allegations set forth in Count II, Paragraph 2 of the Complaint.

3. The monetary amount claimed against Defendants is unspecified, so Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Count II, Paragraph 3 of the Complaint.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Defendant Juan Rodrigues is not an appropriate defendant in that he was never employed in any supervisory capacity by Defendant Ro-Jacks.

**Second Affirmative Defense**

The Complaint fails to state a claim upon which relief can be granted against Defendant Juan Rodrigues.

**Third Affirmative Defense**

Count II of the Complaint fails to state a claim upon which relief can be granted against either defendant.

**Fourth Affirmative Defense**

Portions of the Complaint and the relief sought by Plaintiff Joanne Matteson are barred by the exclusivity provisions of the Rhode Island Workers' Compensation Act, R.I. Gen. Laws § 28-29-20.

**Fifth Affirmative Defense**

Defendants hereby give notice that they intend to rely upon any other defense that may become available or appear during or as a result of discovery proceedings in this action, and hereby reserve their right to amend their answer to assert each such defense or defenses.

**WHEREFORE**, Defendants respectfully request that this Court deny Plaintiffs all of the relief they seek, enter judgment in favor of Defendants, and award Defendants their attorneys' fees and costs for defending this action.

DEFENDANTS, GU MARKETS LLC and JUAN RODRIGUES
By their attorneys,

MICHAEL D. CHITTICK (#5967)
JAIME J. LAPORTE (#6668)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 751-0604
Dated: 5/18/05

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the within was sent via first-class mail postage prepaid to the following on the 18th day of May, 2005:

Dennis J. Tente, Esq.
Coletti & Trente
311 Doric Avenue
Cranston, RI 02910

*332731_1.doc*